UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID POSCHMANN,

       Plaintiff,

v.                                                            Case No. 2:21-cv-49-JLB-NPM

R.L.R. INVESTMENTS, LLC,

       Defendant.

_____

**ORDER**

Before the Court is a motion to compel and for sanctions. (Doc. 19). Plaintiff David Poschmann seeks to compel Defendant R.L.R. Investments, LLC to comply with the ADA Fast-Track Scheduling Order (Doc. 16) and respond to Plaintiff's court-ordered interrogatories. (Doc. 19, pp. 1-2). Instead of filing a response to the motion, Defendant filed a response to Plaintiff's answers to the court interrogatories on July 22, 2021. (Doc. 20). The answers were to be served on Plaintiff on May 16, 2021. (Doc. 16, p. 2).

While it appears Defendant has complied with the ADA Fast-Track Scheduling Order—albeit late—it failed to respond to the motion to compel and for sanctions. While Plaintiff's request to enforce compliance is now moot, the request for sanctions warrants further discussion.

Federal Rule of Civil Procedure 16(f) addresses noncompliance with scheduling order. And it permits a court to sanction a party as follows:

> (1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>>
>> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) *Imposing Fees and Costs*. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

From May 24 through July 14, 2021, plaintiff counsel made ten attempts, by email and phone, to seek defense counsel's compliance with the Court's scheduling order. Plaintiff counsel agreed to several extensions of time, none of which were met. And defense counsel did not respond to six of these attempts seeking compliance with the Court's scheduling order. (Doc. 19, pp. 2-3). And at no time did defense counsel move this Court for an extension of time. Nor has defense counsel shown any apparent interest in defending her actions. "[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1312 (M.D. Fla. 2017) (internal citation and quotation omitted).

2

Given the lack of opposition, apparent disregard of the court's order and opposing counsel's requests, the Court finds sanctions appropriate as to defense counsel Anaeli Caridad Petisco-Rojas for the reasonable attorney's fees and costs associated with plaintiff counsel's efforts at obtaining compliance. *See J & J Sports Prods. Inc. v. Guardado*, No. 6:11-cv-787-Orl-19TBS, 2012 WL 13140724, *2 (M.D. Fla. July 31, 2012) (imposing sanctions on defendant that "failed to obey the CMSO and that has not even attempted to show that her noncompliance was substantially justified under Rule 16(f)"); *see generally Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.").

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel (Doc. 19) is **GRANTED in part** and **DENIED in part**.

2) Plaintiff is entitled to an award from defense counsel Anaeli Caridad Petisco-Rojas for reasonable fees and costs associated with efforts to obtain compliance with the Court's Scheduling Order, including time spent seeking compliance and the drafting and filing of the motion to compel and for sanctions. If this issue and the matter generally are not resolved during the Court-ordered mediation scheduled for August 10,

2021, then Plaintiff may file an affidavit setting forth these fees and costs by August 24, 2021. By September 7, 2021, Defendant may respond to the affidavit to contest the reasonableness of any amounts but not Plaintiff's entitlement to an award of these fees and costs.

**ORDERED** in Fort Myers, Florida on August 2, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE